## Miss Wharton's School v. Currie et al.

*William P. Landis* and *Margaret Corson,* for plaintiff.

*Roger B. Reynolds,* for defendants.

DANNEHOWER, J., October 3, 1947.—After an appeal by defendants from the judgment of a justice of the peace, plaintiff filed its complaint seeking to recover tuition fees for attendance by defendants' daughter at plaintiff's school for the year 1946-47.

The facts averred in the complaint are as follows: On September 9, 1946, Mary B. Currie, on her own behalf and as agent for her husband, signed and delivered to plaintiff a registration blank, entering their five and one half year old daughter, Ann, for the school year 1946 to 1947, which blank contained an "agreement" to pay the tuition and other charges of the class to which the daughter was assigned. The registration blank contained the following provisions: "Entries are made by the year, except by special arrangement in advance and noted on this blank. No deduction will be made for late entrance, withdrawal before the end of the year, or for absence.

"Registration fee of $5.00 to accompany this blank which will be credited on the bill for the first instalment of tuition for the next succeeding school year, and will be refunded if notice of withdrawal in writing is received by the school on or before August 1st, preceding the opening of the school year. If notice of withdrawal is received after August 1st, or if the child is suspended or dismissed for reasons satisfactory to the school, the tuition fee for the entire school year will be payable nevertheless."

The complaint further avers that the $5 fee was paid, the "proposed contract" was accepted by plaintiff, and the child was entered in the school as a pupil. It is also alleged that the yearly tuition for the class in which the child was entered was $150 which defendants have neglected and refused to pay.

Separate answers were filed by defendants. Both admit that the wife signed the registration blank and paid the $5 fee. Both deny, however, that the wife was the agent of the husband, that the registration blank constituted a request to accept their daughter as a pupil, and deny that the daughter was entered as a pupil. They likewise deny that there was any agreement to pay plaintiff any sum for tuition. They aver that two days after the registration blank was received

by plaintiff their daughter was enrolled in the Bryn Mawr public school and that plaintiff was notified to that effect.

In the case of defendant wife, the answer contained "new matter", to which no reply has been filed, alleging that even though the registration blank should be deemed as an offer from defendants to plaintiff, it was never accepted by the latter, as it was withdrawn on September 11, 1946, by the notice given to plaintiff.

Plaintiff has filed the present motion for judgment, alleging that the answers are insufficient for the following reasons: (1) The material averments of the complaint are admitted; (2) the answers improperly attempt to vary by parol the terms of the complete written agreement sued on; (3) the new matter in the answer of defendant wife is immaterial and irrelevant; (4) no fraud, accident or mistake is alleged.

The contentions of plaintiff in support of its motion for judgment on the pleadings are two in number. First, that the registration blank is an express written contract, complete and unambiguous on its face, and that defendants' admission of the execution thereof is sufficient to warrant judgment in its favor; second, that although generally speaking a wife has no authority to act as agent for her husband, such authority may be inferred from the marital relationship where the contract relates to the schooling and education of their minor child.

As to the first contention, it is true that in Miss Wharton's School v. Cotton et ux., 58 D. & C. 638 (1946), this court refused to permit defendant to allege a contemporaneous parol agreement that the pupil was to receive special training and treatment and that there was a special arrangement as to withdrawal. However, the decision in that case rested upon the provision in the registration blank that any special agreement had to be noted thereon. The present case is distinguishable for that and other reasons. The

registration blank provided for certain privileges in case written notice of withdrawal was given the school prior to August 1st. However, it is clear that the registration blank was not delivered until September 9th, and we have defendants' undenied assertion that notice of intention not to enter the child was given on September 11th. Under these circumstances, the instrument is rendered ambiguous, particularly as to whether the provision as to notice of withdrawal is to be completely disregarded or to be construed in the light of the fact that the blank was signed as late as September 9th.

Again, plaintiff has alleged that the delivery of the registration blank constituted an offer which was accepted by plaintiff. Defendants aver that the blank was too vague to be an offer capable of acceptance, and in any event it was withdrawn before it was accepted.

In addition, in its complaint plaintiff refers to its catalogue as fixing the amount of tuition and certain other terms of the obligation. The catalogue is not before us nor is it referred to anywhere in the registration blank. This being a suit on an express contract, if defendants are to be precluded from offering other evidence to explain it, plaintiff would be under the same disability.

The above matters show that this is not such a clear case as would warrant the entry of a summary judgment.

In addition, plaintiff's second contention cannot be sustained. There is an absolute denial that Mrs. Currie was authorized to act or did purport to act as her husband's agent. Particularly where the suit is on an express contract, such denial is sufficient to take the case to the jury on the issue of agency. The marital relationship raises no presumption of agency, though it is a circumstance which may be considered with other competent evidence as tending to establish the fact of agency: Mitchell v. First National Bank, 136 Pa.

Superior Ct. 467 (1939) ; McGill v. Pacher, 62 Montg. 33 (1945). Plaintiff's motion must therefore be overruled.

And now, October 3, 1947, for the reasons given in the foregoing opinion, plaintiff's motion for judgment on the pleadings is overruled.